CYRUS L. REED v. HIRAM HOYT, Appellant.

**Wills:** CONSTRUCTION: *Legacies.* A clause in a will directed that "the property be equally divided between the parties named in the will, except" A. and B. A subsequent clause named certain of the testator's sons, her grandson C., and her grandsons A. and B., and directed that "each of the above-named" should receive $100. *Held*, that the latter paragraph, being distinct from the first, which has no reference to legacies, entitles A. and B. to a legacy of $100 each, and not a joint legacy of $100.

*Appeal from Hardin District Court.*—HON. J. R. WHITAKER, Judge.

SATURDAY, MAY 17, 1902.

PLAINTIFF, who is the grandchild of one Nancy Jane Hoyt, now deceased, and the defendant, her husband, seeks to recover from defendant, the executor of the will of deceased, the amount of a legacy claimed under such will. Judgment for plaintiff, from which defendant appeals.—*Affirmed.*

*W. J. Moir* and *John Porter* for appellant.

*Ward & Hays* for appellee.

McCLAIN, J.—By agreement of parties the determination of this case depends entirely upon the construction of the will, the material parts of which are as follows:

"I give and devise all of my real estate and personal property unto my husband, Hiram Hoyt, to be used and enjoyed by him during the term of his natural life: provided, that he remain my widower; otherwise I desire that the property shall be divided as herein provided.

"That the property be equally divided between the parties named in this will, except that the two sons of my deceased daughter, Eliza Reed, namely, Charles Ruben Reed and Cyrus L. Reed.

"It is my will and desire that at my decease my daughter Mary E. Williams, my daughter Mariah L. Reed, and my son Charles E. Hoyt, my son William Albertus Hoyt, my son Eugene Hoyt, my son Herman Hoyt, my grandson Orville Hoyt, my grandsons Charles Ruben Reed and Cyrus L. Reed, that each of the above-named shall receive at my decease the sum of one hundred dollars in money, if they are of lawful age; otherwise that they shall be entitled to receive the stated amount when he shall become of lawful age. I appoint my husband, Hiram Hoyt, for my lawful executor of this, my last last will and testament, hereby revoking all other or former wills by me made."

Plaintiff claims that under the will he is entitled to a legacy of $100, while it is contended for defendant that plaintiff and his brother, Charles Ruben Reed, are together entitled to only $100. The second paragraph of the will, as here quoted, is apparently unintelligible, but, at any rate, it seems to have no connection with the succeeding one, in which the legacies are provided for, nor to be in

any way referred to for the purpose of ascertaining the amounts of the legacies. The last paragraph is independent of what precedes, and complete in itself, and must be construed without reference to the preceding, whatever it may mean. Looking alone, then, to the last paragraph, we find no reason for limiting plaintiff and his brother to a joint legacy of $100, except that their names are coupled together under the description of "grandsons," following the naming of another as "grandson"; the latter evidently being the son (probably the only child) of a deceased son, while plaintiff and his brother are the two children of a deceased daughter. Any inference which might be drawn from this phraseology is negatived by the following clause, which directs that "each of the above-named" shall receive a legacy of $100. We can reach no other conclusion than that all the legatees named in the last clause are placed on an equal footing, and that each is to receive a legacy of the amount specified.—AFFIRMED.